CASE 52.—ACTION BY LOUISVILLE PUBLIC WAREHOUSE CO. AGAINST JAMES.—March 29, 1900.

## Louisville Public Warehouse Co. v. James.

Appeal from Jefferson Circuit Court (Common Pleas Division).

Judgment for defendant, and plaintiff appeals.— Reversed.

1. Vendor and Purchaser—Breach of Warranty—Eviction— Measure of Damages.—The purchaser may recover damages for a breach of the covenant of warranty, where a strip of land has been taken as part of a street, though under a judgment rendered in an action brought by him, and not against him, especially as the action was brought by him on the advice of the vendor's attorneys, and they appeared and assisted in the argument on his behalf.

2. The fact that there had been a former judgment in favor of the vendor in an action between him and the city as to the strip of ground in controversy, constitutes no defense to the action for breach of warranty, as that judgment was pleaded in the action brought by the purchaser against the city; and if there were other facts tending to show that the judgment was a bar to the city's claim, they should have been proved by the vendor when notified by the purchaser to protect his title.

3. Where the successful claimant entered upon the land, and thus forced the purchaser to bring an action to test his title, the purchaser may recover the costs of that action, including a reasonable attorney's fee in an action, on the covenant of warranty, as if he had been evicted in an action brought against him, especially when he brought the action to test his title on advice of the vendor's attorneys.

4. The purchaser cannot recover the costs of an unsuccessful appeal from the judgment under which he was evicted where the appeal was not taken at the vendor's request.

5. Where a strip, 30 feet wide, was taken from the front of the lot purchased, in opening a street, the jury should have been instructed, in an action by the purchaser on the

vendor's covenant of warranty, that they should consider the entire tract, including the strip taken, to be of value of $4,500, the consideration paid, and disregarding all enhancement of the property from the widening of the street, should determine from the evidence how much less the remainder of the tract, after the strip taken had been opened as a street, was worth, than the whole tract was worth, including the strip, and without the street being opened, this difference, with interest from the time the city took possession, being the proper measure of recovery.

HELM, BRUCE & HELM for appellant.

JOHN ROBERTS for appellee.

OPINION OF THE COURT BY JUDGE HOBSON—Reversing.

On May 4, 1887, appellant sold and conveyed, by deed with general warranty, to appellee, in consideration of $4,500, 5 7-12 acres of land in the suburbs of the city of Louisville. The city claimed that a strip of this land, lying on one side of it, 30 feet wide and 549 feet long, was a part of Payne street, and entered upon the land for the purpose of opening and constructing the street over this strip. Appellee then consulted appellant, or its attorneys, and was advised that in a suit between appellant and the city a judgment had been recovered in appellant's favor as to its right to this strip of land, and that this judgment was conclusive of the rights of the parties. Appellee then filed a suit against the city to stop it from encroaching upon him; pleading the adjudication theretofore had between his vendor and the city, above referred to. On demurrer, the circuit court held that this judgment was not a bar, for reasons that need not now be stated. Appellee thereupon, in writing, notified appellant to protect the title it had made him; and its counsel then appeared

in that action and re-argued the question of former
adjudication, but the court adhered to its former
ruling, and on final hearing the strip in controversy
was adjudged to be the property of the city, by
reason of a dedication as a street many years before
the conveyance to appellee. He then brought this
action against the appellant, his vendor, to recover
on the warranty damages for the loss of the land
and the cost of the litigation with the city, incurred
by him.

The first question made is that the action does not
lie, because the judgment determining that the strip
was a part of the city's street was not rendered in
a suit against appellee, but in a suit brought by him.
We are referred to the case of Ferrell v. Alder, 8
Humph. 44, as sustaining the rule that a judgment
against a vendee in an action brought by him will not
sustain an action by him on the covenant of war-
ranty; but the distinction seems to us to rest on no
solid basis. When the city in this case entered upon
the land, all that appellee could do was either to
submit, or bring suit against it. The evidence in the
case supports the conclusion that the suit was filed
by him on the advice of appellant's attorneys, and
that they afterwards appeared in the action and as-
sisted in the argument on behalf of appellant. Under
such circumstances, appellant cannot be heard to
say that the action should not have been brought, or
that the judgment rendered therein is not conclusive
upon it as well as appellee. For the same reason, the
previous judgment in the suit between appellant and
the city is unavailing. That judgment was pleaded
on the suit between appellee and the city, and, as he
has been evicted of the land by the judgment ren-
dered in the last case, he may recover upon his war-

ranty, although it might be that, if other proof had been made in the last action, the first judgment might have been held a bar to the rights asserted by the city in the last case. It was incumbent on appellant when notified thereto by appellee, to present in that case all the proof it had to prevent a judgment in favor of the city; and, if it failed to do this, the matter cannot be relitigated in this action.

The jury returned a verdict in favor of appellee for $850, with interest from May 1, 1892, the date at which the strip was entered upon and taken possession of by the city. Both appellant and appellee file grounds for a new trial, both excepted to the refusal of the court to grant a new trial, and both in this court insist upon a reversal of the judgment on the ground that the jury was not properly instructed as to the measure of damages.

The court refused the instructions asked by appellee to the effect that the jury should allow him his costs and reasonable counsel fees in the suit with the city, both in the lower court and on appeal which he took in that case to this court. It is insisted for appellant that this was proper, because costs and attorney's fees are only allowed where the vendee is the defendant in the action, and the cost is incurred in defense of the title. But where the successful claimant of the property enters upon and takes possession of it, and the vendee is forced to bring an action to test the title, we see no reason why the same rule should not be applied as where he remains in possession, and the suit is brought against him. Especially should this be so where the suit was brought after consultation with the representatives of the vendor, and at their instance. The appellant, therefore, should have been allowed to recover his

costs, including a reasonable attorney's fee in the circuit court, in the suit with the city. But it does not follow that he should be allowed the costs of the appeal. He was not required to take an appeal before bringing an action upon the warranty, and it does not appear that the appeal was taken at the request of appellant. It may be that it would have preferred that an appeal should not be taken, or, if taken, that it should be conducted by its own counsel. The reasons for allowing the costs in the circuit court in the suit to determine the title do not apply to an appeal from the judgment in that case to this court, and no part of the costs of the appeal can be recovered by appellee in this action.

The most difficult question in the case is the proper measure of damages for the strip of 30 feet taken by the city for its street. This strip, estimated at the price for the entire property, would amount to about $300. The court instructed the jury that they should find for appellee such a sum as would fairly and reasonably represent the value of this strip to appellee, considered with reference to his entire tract, treating the whole as being worth $4,500. There was evidence that the front of city property is worth much more than the rear of it, and the jury, in fixing the value of the strip at $850, seem largely to have acted on this idea. This would be true if the strip in question had been taken for any other purpose than a street, but the taking of this strip has only had the effect of making appellee's lots fronting on the street not as deep, by 30 feet, as they would otherwise have been. He has not lost the title to the strip. The underground rights which may be exercised without interfering with the easement of the city to use the strip for street purposes still belongs to

appellee. If this easement should be abandoned, the title will revert to him; and he, in common with all others, has a right to use the street in front of him. On one hand, his lots fronting on the street will lack 30 feet of being as deep as they were; on the other the street in front of him, instead of being 30 feet wide, is 60 feet wide, and so much more valuable for ingress and egress. The object of a covenant of warranty is to make whole the vendee in case of loss. Compensation for what he actually loses is all that should be recovered on it. Under all the circumstances in this case, the jury should have been instructed that they should consider the entire tract, including the strip of 30 feet, to be of value of $4,500, and, disregarding all enhancement of the property from the widening of the street, should determine from the evidence how much less the remainder of the tract, after the strip of 30 feet had been opened as a street was worth, than the whole tract was worth, including the strip, and without the street being opened over it. This difference, with interest from the time the city took possession of the strip, was the proper measure of recovery.

Judgment reversed on original and cross-appeals, and cause remanded for further proceedings not inconsistent with this opinion.